**KENYON v. AUTOMATIC INSTRU-
MENT CO.**

Civil Action No. 509.

District Court, W. D. Michigan, S. D.
Nov. 10, 1945.

Oltsch & Knoblock and Hammerschmidt & Johnson, all of South Bend, Ind., and Bidwell & Schmidt, of Grand Rapids, Mich., for plaintiff.

Clarence J. Loftus and Fred W. Potter, Jr., both of Chicago, Ill., and Uhl, Bryant, Snow & Slawson, of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

This case is before the court upon motion by defendant for judgment upon the pleadings. On oral argument, it was agreed that this should be treated as a motion to dismiss, and that the record for the purposes of the motion should consist of the complaint; the bill of particulars; the agreement dated December 7, 1925, a copy of which is attached to the bill of complaint; a supplemental order, dated December 20, 1932, confirming sale by the receiver in consolidated cause No. 2413, entitled Sligh Furniture Company, Plaintiff, v. Automatic Musical Instrument Company, Defendant, a Delaware Corporation, to Automatic Musical Instrument Company, a Michigan corporation; an order, dated February 2, 1933, authorizing the receiver of the Delaware corporation to execute an assignment of patents; and an assignment from said receiver to the Automatic Musical Instrument Company, a Michigan corporation, defendant herein.

Upon the oral argument, it was stipulated that the court take judicial notice of the records in the receivership proceedings, and of later proceedings in this court under

Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq. in which defendant herein was petitioner.

In the instant suit, plaintiff, as executrix under the last will and testament of Bertram C. Kenyon, deceased, seeks to recover royalties under the contract of December 7, 1925, between Bertram C. Kenyon and the Delaware corporation.

The issue presented is whether defendant is obligated to pay the royalties provided for in said contract, by reason of its acquisition by assignment from the receiver of the Delaware corporation, of the invention and patent upon a multiple disc phonograph of which Bertram C. Kenyon is alleged to be the inventor.

Paragraph 3 of the agreement of December 7, 1925, reads:

"Said second party represents that he is the inventor of the said multiple disc phonograph above referred to and represents that he will attempt, or the said first party may in his name attempt to cover the mechanism and operation and the functioning of said phonograph as hereinbefore noted, by proper letters patent to be issued as soon as may be by the United States of America. In the event that said patents are obtained by either said first or second party the title thereto and all interest therein shall be the property of and belong to said first party, and the said second party does hereby give and grant, sell and assign unto said first party the exclusive right to make, manufacture, market, vend, and operate the said phonograph, under his present rights and under future letters patent, according to the terms hereof, in any manner which it may desire to do, and covenants to and with the said first party that performing its obligation under this contract it shall have, hold, and enjoy all the rights, benefits, titles, and returns of and from said invention, and that he will when so requested by said first party, duly and properly sign, seal, execute and deliver unto said first party proper assignments and any rights which may hereafter accrue under and by virtue of said invention."

Paragraph 4 of said agreement reads:

"In consideration of the foregoing assignments and licenses, the said first party agrees that for each of said machines manufactured by it, it will on or before the tenth day of the month succeeding the completion of such machine, pay to the order of the said second party, in good and lawful money of the United States of America, the sum of five dollars ($5.00). The terms, agreements, and covenants in this contract contained are made contingent upon the assurance of the said second party that his invention and the application for patents thereon may not be attacked before any court, commission, department, or bureau for infringement of other patents, and should such difficulties or litigation arise, then the terms of this contract shall be, from that moment, null and void, unless the said second party shall be vindicated in such action."

Paragraph 6 of the complaint recites the assignment to the Michigan corporation of all patents of the Delaware corporation, as follows:

"That during the course of the proceedings described in Clause 5 hereof, all of the assets, of every kind, nature and description of said Automatic Musical Instrument Company, were assigned by the Grand Rapids Trust Company as Receiver of said Company, pursuant to an order of the United States District Court in said causes alleged in Clause 5, to the Automatic Instrument Company, including all patents which were assigned under a specific assignment on or about the 2nd day of February, 1933, and said assignee assumed all liabilities of the Receiver and among said liabilities was the liability to pay said sums as herein alleged to said Bertram C. Kenyon."

It is the claim of plaintiff that by the contract of December 7, 1925, the Delaware corporation took an outright assignment of the invention for multiple disc phonographs and as consideration therefor Kenyon received the promise and obligation of the Delaware corporation to pay royalties. Plaintiff insists that that promise and obligation became the equivalent of a lien or mortgage upon a piece of real estate and that because thereof, the defendant Michigan corporation, when it received an assignment of the patent from the receiver of the Delaware corporation, took the full right, title and interest in both the invention and the patent therefor, but subject to the lien or obligation to pay royalties.

Plaintiff also urges that the following provision of the supplemental order confirming sale sustains her claim:

"That such conveyances shall be in all respects subject to the obligation of said Corporation to assume and pay all obligations of the Receiver as in said Order of

October 1, 1932, provided, and said Receiver shall have and retain an equitable lien therefor on all said property conveyed."

In her bill of particulars, plaintiff states that "this suit is based upon the contract attached to the bill of complaint and the license and rights thereby granted by Bertram C. Kenyon and not under a patent or patents per se." And further, that the basis of the claim here sued upon is that the license and grant of rights and obligation to pay royalties contained in the contract attached to the bill of complaint was transferred to defendant corporation pursuant to order of this court confirming sale and supplemental order confirming sale, entered in cause 2413.

Plaintiff, in her brief, recognizes the long established rule that a license is personal and non-assignable, and that a licensee has no right to assign his license, either as an entirety or in part, unless specifically empowered so to do by his license contract. Plaintiff contends, however, that "Defendant is relying on the proposition that the instrument in suit was a license, but this is clearly contradicted by the instrument itself."

Plaintiff's contention cannot be sustained. Careful consideration of the contract of December 7, 1925, compels the conclusion that it was intended to be not only a contract of employment but also a license granting exclusive right to first party therein to make, sell and operate the devices, in consideration of a royalty of $5 for each machine manufactured; and also, an agreement to assign a naked legal title in patents, if and when issued. No right to make, sell, or use arose from this agreement to assign the naked legal title. That right was created by the license operating in praesenti. The contract contains no provisions for lien upon patent or patents if secured, or other property to secure payment of royalties. The practical difference between an assignment and a license is to be noted, viz., that the former gives the transferee the right to sue for infringement and the latter gives the transferee immunity from suits for infringements.

In the view of the court, the license was, in legal effect, a non-assignable executory contract. There is nothing in the record to support the claim that it ever became an obligation of the receiver, by adoption, use, or otherwise, within the terms of the supplemental order of October 1, 1932, confirming sale. In Tracy on Corporate Foreclosures, Receiverships and Reorganizations, it is said (page 99):

"While making his inventory the receiver should also investigate as to all outstanding contracts to which the defendant corporation may be a party, to see whether he will adopt or disavow such contracts, as he may pursue either course. The Supreme Court of the United States has expressed the rule as to the adoption of contracts by a receiver as follows:

" 'The general rule applicable to this class of actions is undisputed, that the assignee or receiver is not bound to adopt the contracts, accept the leases, or otherwise step into the shoes of his assignor, if in his opinion it would be unprofitable or undesirable to do so; and he is entitled to a reasonable time to elect whether to adopt or repudiate such contracts. If he elects to adopt a lease, the receiver becomes vested with the title to the leasehold interest, and the privity of estate is thereby created between the lessor and the receiver, by which the latter becomes liable upon the covenant to pay rent.'

"The right to disavow extends not only to leases but to all executory contracts. The receiver has a reasonable time after his appointment to examine into such contracts and he is not bound by any contract until he has examined it and assumed its burdens. The rule, however, is not reciprocal and the other party to the contract must carry the same out, if the receiver so demands."

Had Kenyon believed he had such a claim, he could have filed in the receivership proceedings a claim for alleged breach of executory contract. This he did not do. That he had knowledge of the receivership proceedings is clear from the fact that he filed therein a claim for royalties due for machines manufactured prior to the receivership, and later accepted stock in the new corporation in payment of that claim. No claim was made by him for royalties on machines manufactured by the receiver during the receivership proceedings.

An order will be entered dismissing the complaint for failure to state a cause of action.