**OWENS GENERATOR CO., Inc., et al.,**
Plaintiffs,

v.

**H. J. HEINZ COMPANY et al.,**
Defendants.

Civ. No. 36558.

United States District Court
N. D. California, S. D.
April 7, 1961.

Carl Hoppe and James F. Mitchell, of Hoppe & Mitchell, San Francisco, Cal., for plaintiffs.

Morris Lowenthal, of Lowenthal & Lowenthal, San Francisco, Cal., for defendant Charles H. Owens and in pro. per.

Moses Lasky, of Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant H. J. Heinz Co.

WOLLENBERG, District Judge.

Defendant H. J. Heinz Company, on June 13, 1960, filed its motion for sum-

mary judgment pursuant to F.R.Civ.P. 56(b). Oral argument on the motion was heard September 23, 1960, and memorandum in support and opposition were filed by the parties subsequently.

From a perusal of the pleadings, affidavits, depositions, answers to interrogatories, admissions, exhibits and the memoranda of counsel, it appears that the case is based upon a theory of constructive trust. It is plaintiff's claim that the Owens Generator Co., (hereinafter referred to as Generator Co.), owned certain assets, particularly two patents, and an injunction. The first patent, No. 2,089,412, was for a vinegar generator. It was obtained in the name of defendant Charles H. Owens, (hereinafter referred to as "Owens"), on August 10, 1937. The second patent, covering improvements to the generator, No. 2,236,153, was issued in Owens' name on March 25, 1941. The injunction was issued in 1954 and is noted, infra.

On March 10, 1938, the plaintiffs Tobin and Witmer and defendant Owens formed the Generator Company and contemporaneously with its formation defendant Owens executed an instrument in regard to the first patent, among other provisions thereof being the following:

" * * * the sole and exclusive right, privilege, and license within the United States to manufacture, sell, install and operate vinegar generators containing the said patented improvement, and any and all improvements thereon, for so long as said [Generator Company] shall continue in business, or to the end of the term for which the said letters patent, or any extensions thereof, were granted, whichever event shall first occur * * *."

Subsequently, Owens developed the second patent.

During the latter part of 1938 and the early part of 1939, the H. J. Heinz Company became interested in purchasing a vinegar generator from the Generator Co. A purchase was negotiated in 1939. In 1941, Heinz obtained from defendant Owens a written license to build other generators under the first Owens' patent. In 1943 suit was brought by defendant Owens and the Generator Co., to rescind and cancel the license of 1941. The action was instituted in the Superior Court of Alameda County (Civil No. 175935) and resulted in a judgment in their favor against defendant Heinz.

On September 8, 1949, Owens, with defendant Morris Lowenthal as his attorney, instituted civil contempt proceedings against Heinz in the Alameda Superior Court changing Heinz with violating an injunction issued in 1944 in the action by Owens and the Generator Co., against Heinz, which precluded Heinz from building any generators under the 1941 license. The Court therein found that Heinz had violated the injunction and issued an interlocutory order granting damages to Owens and ordering Heinz to destroy the generators built in violation of the injunction. Subsequently, the California Supreme Court annulled the contempt order insofar as it awarded damages but sustained it as to destruction of the generators. H. J. Heinz Co. v. Superior Court, 42 Cal.2d 164, 266 P.2d 5 (1954).

Heinz then obtained a stay pending filing of petition for certiorari from Justice Douglas of the United States Supreme Court. Before filing the petition, the matter was settled.

On May 15, 1954, Owens assigned his entire interest in the first and second patents to Heinz and released Heinz from claims of violation of the injunction and from the effects of the contempt order.

The assignment recited that Owens " ' * * * by these presents does sell, assign, transfer and set over unto said H. J. Heinz Company, its successors and assigns, *the entire right, title and interest in and to'* the first and second patents * * *"

In settlement, Heinz paid to Owens $250,000.

On May 17, 1954, Owens and Heinz, in the California Superior Court action, brought a series of motions and obtained

an order dissolving the 1944 injunction. (Civil No. 175935, May 17, 1954, Motion to dissolve Injunction and Modify Judgment, Civil No. 175935—Order dissolving Injunction and Modifying Final Judgment. Exhibit "C" to plaintiff's op. brief).

Plaintiffs now seek to impose a constructive trust on "profits" held by Heinz derived from the May, 1954 transaction. (Plaintiff's op. brief, pg. 39). It is plaintiff's contention that Heinz acted with full knowledge of the Generator Co.'s interest in the patents and of a breach of fiduciary relationship between defendant Owens and the Generator Co.

■ The only interest the Generator Co. ever had in the first patent is evidenced by the agreement from which the quotation above is taken. Plaintiff contends that the construction and operative effect of the above provision and the occurrence of the event which it contemplates are fact issues which cannot be determined on this motion. However, there appears nowhere in the material before the Court any genuine material issue of fact in regard to the agreement in dispute. Whether it is termed a "grant" a "license" or an "assignment" does not change the legal effect of its provisions, and it is clearly within the province of the Court to determine the legal effect in a motion under F.R.Civ.P. 56(b). The contract here is unambiguous, and in construing the provision no issue of material fact appears to bear on the resolvement. Simpson Bros. v. District of Columbia, 85 U.S.App.D.C. 275, 179 F.2d 430 (1949) cert. den. 338 U.S. 911, 70 S.Ct. 350, 94 L.Ed. 561 (1950).

We only decide on this motion the effect of the provision of the agreement as to Heinz.

In this posture, it is clear that the construction of the agreement is a question of law. Fox v. Johnson and Wimsatt, 75 U.S.App.D.C. 211, 127 F.2d 729, 736 (1942).

■■ Whether defendant Owens had waived rights under the agreement or otherwise acted to change the application of the provisions as to him does not concern the Court here. If the agreement is construed as a license to the Generator Co., it is well settled that it would terminate when the Generator Co., ceased to exist legally. A patent licensing contract is personal to the licensee and terminates with the life of the licensee. Thus when the corporation ceased to exist, so did the license. Haffcke v. Clark, 50 F. 531, 536 (C.C.A.4, 1892); Kenyon v. Automatic Instrument Co., 63 F.Supp. 591 (D.C.Mich.1945).

■ Construing the agreement as an assignment of the legal ownership of the patent, the words of the assignment control: "For so long as said (Generator Co.) shall continue in business." The agreement, as it stands written, ceased automatically by operation of law when the events upon which it is conditioned came to pass. Pierpont Boiler Co. v. Penn. Iron & Coal Co., 75 F. 289 (N.D. Ohio E.D.1896).

When the Attorney General of New Jersey enjoined the company from transacting any business by order of November 25, 1941, (Exhibit I to Lowenthal-Owens answer and complaint), the company ceased to have an interest in the patent insofar as the plain words of the agreement are concerned. Assuming that the Generator Co., could transact some business in the way of winding up between November 25, 1941 and January 19, 1943, it is undisputed that on the latter date it ceased to have any existence at all for any purpose, for on that date the charter of the company was revoked by the Governor of New Jersey. (Lowenthal-Owens Answer, pg. 29, lines 21–27).

■ Therefore, as to defendant Heinz, any dealings with Owens in relation to the first patent would, and properly could, be carried out in good faith and belief that Owens was the sole owner thereof.

It is not clear from the pleadings whether the second patent was in fact transferred to the Generator Co. It was issued on March 25, 1941, three years subsequent to the agreement in question and no recording in the patent office of an

agreement relating to the patent exists. (Admission to Heinz Interrog. 34). If, however, Owens gave any grant or assignment of the second patent to the Generator Co., under the 1938 agreement, it came to an end for the very same reasons as patent No. 1. Aside from this, the patent stands in the name of Chas. Owens alone. Plaintiffs contend that they have an interest in the patent because they financed its development. Whatever the merits of this claim, it does not affect Heinz' good faith dealing with Owens.

The Alameda Court determined in its judgment in 1944 (supra) that Owens was the owner of the patents. The patents stood in the name of Owens alone. All evidence of record showed it to be Owens' patent.

At all stages of the proceedings in the 1944 action, the Generator Co., was a party. It was represented by counsel, Morris Lowenthal, defendant herein. All stages of the 1954 settlement and vacation of the injunction were on the record and Owens was also represented by Mr. Lowenthal.

There is no dispute as to the material facts affecting Heinz' dealings. From the facts as adduced, the Court finds that Heinz proceeded properly and as a matter of law we would not impose a trust on defendant Heinz.

In addition, the matter of ownership of the patents is settled by the 1944 Alameda suit and is res judicata as to the Generator Co. The judgment recites (Findings of Fact and Conclusions of Law IV) that Chas. Owens is the owner of patent No. 1. The pleadings put in issue the ownership of patent No. 2 and no adjudication finding the Generator Co., as owner of it resulted therefrom. Heinz was an adverse party to Owens and the Generator Co., in that suit.

Therefore, ownership is determined in the prior action and binds the Generator Co. now. Johnson v. Fontana County F.I. District, 15 Cal.2d 380, 101 P.2d 1092; 2 Freeman on Judgments, Sec. 689.

A former adjudication between the same parties may be either a final determination of the right of the parties or may be an adjudication of certain questions of fact which have been put in issue and decided. People v. Bailey, 30 Cal.App. 581, 158 P. 1036 (1916).

Ownership having been adjudicated to be in Owens, Heinz could take, in good faith, absent notice of another interest, all Owens' right, title and interest in the patents. We do not decide here whether Owens, vis-a-vis the Generator Co., had waived rights under the license provisions or had acted in breach of duties owed to the Generator Co. We find no genuine issue of material fact as to Heinz' actions in respect to the patents.

On the question of notice to Heinz of an interest of the Generator Company in the injunction of 1944, no facts need be determined as this issue is purely a legal one.

On the question of destruction of a "property right" by Heinz in dissolving the 1944 injunction, as a matter of law it is clear that the injunction covered only patent rights.

"It is Further Ordered, Adjudged and Decreed that defendant H. J. Heinz Company and its officers, agents and representatives be and they hereby are perpetually restrained and enjoined and forever debarred from asserting any rights or claims based or founded upon or arising out of said original document of November 25, 1941 or any copy thereof, and from asserting or claiming the right or license to build or have built for itself or to maintain or operate vinegar generators of the type, kind or character covered by any Letters Patent of the United States owned by plaintiff Charles H. Owens, other than the one vinegar generator installed by plaintiffs at the H. J. Heinz Company factory in Berkeley, California."

As to Heinz' knowledge, these rights were owned by Owens alone and concerned patent rights only. This is the only

"property right" involved in the Alameda County Superior Court action. Whether Owens, as a fiduciary of the Generator Co., breached any duty to the Company by his actions in the matter is of no consequence in this motion for summary judgment by Heinz. We are concerned only with Heinz' duties. From the foregoing, we find that there existed no facts on which to base a claim of knowledge on the part of Heinz of a breach of duty by Owens to the Company.

Because of the conclusions above the Court has not passed upon herein the further issues raised by Heinz concerning (1) laches and the statute of limitations (2) the lack of a "res" upon which to impose a constructive trust.

THEREFORE, IT IS ORDERED that defendant Heinz' motion for summary judgment under Rule 56(b) be granted and said defendant is hereby dismissed. Counsel for defendant Heinz to prepare judgment accordingly.